**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR11-1939-PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Ronald Uthe, | |
| Defendant. | |

Defendant Ronald Uthe has been indicted for several federal firearms violations. On October 19, 2011, Magistrate Judge Michelle Burns issued an order releasing Defendant pretrial subject to a number of specific conditions. Doc. 11. On February 15, 2012, the government filed a petition to revoke Defendant's pretrial release. Doc. 25. An amended petition was filed on February 23, 2012. Doc. 29. The amended petition alleged that Defendant violated the pretrial release order by possessing at his residence five guns, including a machine gun, and seven silencers. Judge Burns' order had permitted Defendant to possess only one firearm to be used for the opening and closing of his business. Doc. 11.

Magistrate Judge Steven Logan held a hearing on the amended petition on February 28, 2012. Doc. 33. Witnesses testified and exhibits were received. *Id.* Judge Logan found by clear and convincing evidence that Defendant was a danger to the community and should be detained, and that no condition or combination of conditions would reasonably assure the safety of the community. Doc. 37.

More than four months later, Defendant filed a motion asking this Court to review

Judge Logan's decision. Doc. 45. The motion is untimely. Federal Rule of Criminal Procedure 59(a) provides that "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." The rule further provides that "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a).

Judge Logan stated his decision on the record at the February 28, 2012 hearing. His written order was transmitted electronically to defense counsel the next day. No court established any different time for filing a motion to review the decision. As a result, Defendant's motion should have been filed by March 14, 2012, and was months late when filed on July 3, 2012. Because the motion was filed well after the Rule 59(a) deadline, Defendant has waived his right to review.

Citing a prior decision of this Court, Defendant notes that district judges retain discretion to review the decisions of magistrate judges even after the Rule 59 time for review has expired. *See United States v. Tooze*, 236 F.R.D. 442, 445-46 (D. Ariz. 2006). If the time limit set in Rule 59(a) is to have any meaning, however, district judges must exercise this discretion sparingly. In *Thomas v. Arn*, 474 U.S. 140, 155 (1985), the Supreme Court approved the adoption of waiver rules on matters for which magistrate judges make decisions or recommendations. In promulgating the time deadline and waiver provision of Rule 59(a), the Advisory Committee on the Federal Rules of Criminal Procedure stated its belief "that the waiver provisions will enhance the ability of a district court to review a magistrate judge's decision or recommendation by requiring a party to promptly file an objection to that part of the decision or recommendation at issue." Advisory Committee Notes to Rule 59 (2005 Adoption).

The Court believes that requiring prompt review of magistrate judge decisions will enhance the efficiency of the criminal justice system and the ability of district courts to address issues in an accurate and cost-effective manner. In this day of growing case loads, the efficiency of the criminal justice system is critically important. Too free

exercise of discretionary review powers would eliminate the benefits intended in Rule 59(a).

Defendant Uthe does not argue that his months-long delay in seeking review of Judge Logan's decision was based on the discovery of new evidence or was justified for some other reasons. The Court concludes, in its discretion, that the waiver provision of Rule 59(a) should have effect in this case. Defendant's motion for review will therefore be denied as untimely.

**IT IS ORDERED** that Defendant Uthe's motion for review (Doc. 45) is denied. Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 7/3/2012.

Dated this 19th day of July, 2012.

_____
David G. Campbell
United States District Judge